**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 11-cv-00251-CMA

TYRONE GREENE,

      Applicant,

v.

CHARLES DANIELS, Warden,

      Respondent.

---

## ORDER DENYING PETITION FOR HABEAS CORPUS

---

The matter before the Court is an Application For A Writ Of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 (Doc. No. 1).  The Court has determined it can resolve

the Application without a hearing.[1]

## I.  BACKGROUND

On August 14, 1998, Applicant was sentenced by the United States District Court

for the Southern District of New York in case number 1:96-CR-00534-002.[2]  He was

sentenced to 120 months incarceration for conspiracy to commit murder and 60 months

incarceration for use of a firearm in relation to a crime of violence, the counts to run

---

[1]   *Blackledge v. Allison*, 31 U.S. 63, 83 (1977); *see also Jeter v. Keohane*, 739 F.2d 257 n.1 (7th Cir. 1984) ("An evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court."); 28 U.S.C. § 2243.

[2]   Resp. To Order To Show Cause (Doc. No. 18; May 18, 2011), attach. 1.  Applicant did not object to any of the exhibits or attachments in the Response. *See*, *e.g.*, Rules Governing Section 2254 Cases 7(c).

consecutively.[3]  He is currently housed by the Federal Bureau of Prisons (BOP) at the United States Penitentiary in Florence, Colorado, and is projected to be released on September 7, 2012.[4]

Typically, as an inmate nears the end of his sentence, the BOP arranges for a transfer of the inmate to a Residential Reenty Center (RRC), or halfway house,[5] in which the inmate begins to adapt to civilian life in a less-restrictive environment. On April 27, 2011, Applicant was reviewed for RRC placement, and the BOP deemed a period of 180 days sufficient to assist Applicant with his re-entry needs, including search for employment and reintegration into the community.[6]

## II.  **APPLICATION**

Applicant initiated this action by filing *pro se* his 28 U.S.C. § 2241 Application on January 31, 2011.[7]  This Court subsequently issued an Order To Show Cause to Respondent on April 27, 2011.[8]  Respondent filed a response on May 18, 2011.[9]

---

[3]  Resp. (Doc. # 18), attach. 1.

[4]  *Id.*

[5]  RRC will be used in this Order to refer to any pre-release transition program Applicant may be entitled to.

[6]  *Id.*, Ex. A at ¶ 11; attach. 4.

[7]  Doc. # 1.

[8]  Doc. # 16.

[9]  Doc. # 18.

Applicant filed a letter with the Court on May 31, 2011, which will be treated as his traverse.[10]

Applicant is challenging the BOP's RRC determination as a violation of 18 U.S.C. § 3621(b) and the Second Chance Act of 2007.  As filed, the Application claimed that Respondent violated Applicant's rights by not reviewing him for a RRC placement. However, this claim is moot as Respondent completed the RRC review on April 27, 2011.

Instead, the Court liberally construes Applicant's claim as alleging that he should have been approved for the statutory maximum of twelve months of RRC placement,[11] and the BOP's decision otherwise is a violation of the Due Process clause of the Fifth Amendment.

## III.  LEGAL STANDARD

A Section 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[12]  "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison

---

[10]   Doc. # 20.

[11]   *See* 18 U.S.C. § 3624(c)(1).

[12]   *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

conditions."[13]  "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . ."[14]

"A petition under 28 U.S.C. § 2241 . . . must be filed in the district where the prisoner is confined."[15]  Here, Applicant correctly filed his petition in the District of Colorado, where he was incarcerated at the time of initial filing.

The Court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."[16]  The Court should not be the *pro se* litigant's advocate.[17]

## IV.  ANALYSIS

In 2007, Congress passed the Second Chance Act which provides that the BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of [a sentence] (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that

---

[13]  *Hernandez v. Davis*, 2008 WL 2955856, at *7 (D. Colo. July 30, 1998).

[14]  *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[15]  28 U.S.C. § 2241(a); *Bradshaw*, 86 F.3d at 166.

[16]  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted).

[17]  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

4

prisoner into the community."[18]  Prior to that enactment, the statue provided that assignment to a halfway house under this provision would "not [ ] exceed 6 months." Thus, the Second Chance Act granted the BOP discretion to place soon-to-be-released inmates into halfway houses for longer periods of time.

In order to effectuate this additional discretion, the BOP promulgated a policy by which BOP "staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release [RRC] placement."[19]  At the same time, it noted that BOP "experience reflects [that] inmates' pre-release [RRC] needs can usually be accommodated by a placement of six months or less."[20]

In April 2011, after performing the necessary evaluation required by 18 U.S.C. § 3624(c)(6), BOP staff recommended that Applicant be placed in RRC for the final six months of his sentence.  Applicant disagrees with that conclusion, contending that he requires a longer RRC placement, primarily because he will be released into an area of the country (Texas) where he has limited job experience and social support.

The Court has interpreted Applicant's claim as invoking the protection of the Due Process clause of the Fifth Amendment.  The Procedural Due Process clause ensures

---

[18]  18 U.S.C. § 3624(c)(1).  The discussion of the Second Chance Act is adapted from Judge Krieger's dismissal order in *Henderson v. Davis*, No. 10-cv-00838-MSK, slip op. (D. Colo. Nov. 8, 2010).

[19]  Resp. (Doc. #18), attach. 2 at 4.

[20]  *Id.*

that the government will not deprive a party of liberty or property without engaging in fair procedures to reach a decision; the Substantive Due Process clause ensures that the decision reached is not arbitrary or capricious.[21]  Applicant's claim is interpreted to contend that the BOP's decision of less than twelve months of RRC placement was improper based on the unique facts in his case.

The Court's review of the BOP's decision is necessarily a limited one.  By statute, the BOP is vested with broad authority to determine the length of a prisoner's RRC assignment.[22]  As long as the BOP properly followed the statutory guidelines and related regulations, review of the final decision is inappropriate for a habeas court.[23]

The evidence here indicates that the BOP considered the five statutory factors contained in 18 U.S.C. § 3621(b), determined the length of placement on an individual basis, and recommended a length of stay that the BOP felt to be of sufficient duration to provide the greatest likelihood of successful reintegration into the community.[24]  BOP staff did not find unusual or extraordinary circumstances justifying a placement beyond six months.[25]

---

[21]  *Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000).

[22]  18 U.S.C. § 3624(c)(1) and (4).

[23]  *Fournier v. Zickefoose*, 620 F.Supp. 2d 313, 318 (D. Conn. 2009) ("[o]nce the court has determined that the BOP did not exceed its authority in reaching its decision, it is beyond the purview of the court to second guess the outcome.").

[24]  18 U.S.C. § 3624(c)(6).

[25]  *See* Resp., attach. 3 at 3.

On this record, a six month RRC placement was an appropriate decision by the BOP and within the scope of its authority and, thus, does not reflect a deprivation of Applicant's Procedural or Substantive Due Process rights.[26]  His federal sentence has thus not been executed unlawfully, and he is not entitled to habeas relief.

## V.  **ORDER**

It is ORDERED that the Application For A Writ Of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. No. 1; Jan. 31, 2011) is DENIED WITH PREJUDICE.

DATED at Denver, Colorado, this ___6th___ day of July, 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[26]  *See Henderson*, No. 10-cv-00838-MSK, slip op. at 5-6; *Bernard v. Roal*, 716 F.Supp. 2d 354 (S.D.N.Y. 2010).